UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODI M. PIZZO, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07CV614 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Jodi M. Pizzo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed March 30, 2007. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

Movant Jodi M. Pizzo ("Movant" or "Defendant") was charged by Indictment with one count of knowingly and intentionally possessing pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2. (Indictment (4:05CR607 JCH, Doc. No. 1)). On May 5, 2006, Movant entered a plea of guilty to Count I of the Indictment, pursuant to a Plea Agreement, Guidelines Recommendations and Stipulations. (Change of Plea Proceeding (4:05CR607 JCH, Doc. Nos. 31, 34)). On September 29, 2006, the Court sentenced Movant to 51 months imprisonment, followed by two years supervised release. (Judgment (4:05CR607 JCH, Doc. No. 42)). Movant did not appeal her conviction or sentence.

On March 30, 2007, Movant filed the instant § 2255 Motion. In her motion, Movant presents two grounds for relief, as follows:

(1) That Movant received ineffective assistance of counsel, in that her plea counsel failed to present mitigating circumstances to the Court during sentencing; and

(2) That Movant received ineffective assistance of counsel, in that her plea counsel failed to argue for a downward departure based on her significant cooperation with the Government.

(Letter, attached to Movant's § 2255 Motion, Doc. No. 1-2).

## **STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

I. **Ground 1**

In Ground 1 of her § 2255 Motion, Movant asserts she received ineffective assistance of counsel, in that her plea counsel failed to present mitigating circumstances to the Court during sentencing.[2] (Letter, attached to Movant's § 2255 Motion). Specifically, Movant states as follows: "These [specifics in my background] include mitigating circumstances such as life stresors (sic), history of drug abuse and the affects (sic) my abscence (sic) would have on my two children....Additionally, my good works, most especially my extensive work with foster children, should have been discused (sic) and considered by the court." (Id.).

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a

---

[2] Although Movant did not raise her claim of ineffective assistance of counsel on direct appeal, it is not subject to procedural default, as it could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Upon consideration, the Court holds it need not consider whether Movant's counsel's alleged error was prejudicial, because Movant fails to demonstrate his performance was deficient. Rather, the Court's review of the record reveals Movant's attorney, Steven C. Mandlman, did in fact argue for a sentence below the Guidelines range, based upon the impact the prosecution was having on Movant's children, her drug addiction, and her laudable behavior prior to her drug addiction, as follows:

> This is one of the most heart-wrenching, difficult things I've had to deal with for a long time. I've known Jodi Pizzo a long time. I've known her to be a very good mother of her two children who are here. I have known her to be a good family person; worked in law offices; smart, educated; everything in the world going for her; a good person, and then she came into methamphetamine and it ruined her life. It drug her downhill. It destroyed her; made her a person that she wasn't, and it's hurt her. It's hurt her family. It's very frustrating to see that.
>
> And then when she was put into custody for--I think it's the last six months, to see her become the person that she was before, straight, sober, level-headed, fun, that's just--it's just enormously hard to deal with....
>
> I look at her history. I look at the good person that she is, and I say, God, I feel--me personally--that these *Guidelines* are too severe for the nature of the offense, for her history and for the kind of person that she is. And I--I can only hope that Your Honor will take that into account and sentence her in an amount that is not within those *Guidelines*, and that I hope that at some point she can receive some type of treatment, whatever is offered to her, to straighten her life up and never do this again because she's a good person....

(Sentencing Transcript, PP. 3-4).[3] Movant's attorney further submitted supportive letters for the Court's consideration during sentencing, including one from Movant herself, in which she detailed

---

[3] Movant's mother also spoke during Movant's sentencing hearing, as follows: "Your Honor, I would just like to say that I would--I would like Jodi to be able to get this over with because she was a wonderful mother, and her kids miss her so bad and I miss her." (Id., P. 5).

- 4 -

her work as a licensed foster care provider and a volunteer for CASA. Finally, Mr. Mandlman submitted an affidavit in this case, in which he testified as follows:

> 8. This Attorney further states that he negotiated an opportunity with Respondent to argue for a downward departure at sentencing based upon positive attributes of the Movant and the impact on her children, and in fact this counsel argued persuasively for a downward departure at the sentencing hearing without objection by Respondent.
>
> 9. In addition, this counsel was advised by Movant and her family that this counsel indeed presented a compelling and heartfelt argument on Movant's behalf and that his statements on Movant's behalf were very appreciated.

(Affidavit of Steven C. Mandlman, Doc. No. 8, P. 2). Movant offers no rebuttal to the foregoing, and thus the Court finds that under the circumstances, Mr. Mandlman's performance may not be held constitutionally deficient. Movant's first ground for relief will therefore be denied.

## II. Ground 2

In Ground 2 of her § 2255 Motion, Movant maintains she received ineffective assistance of counsel, in that her plea counsel failed to argue for a downward departure based on her significant cooperation with the Government. (Letter, attached to Movant's § 2255 Motion). Specifically, Movant states as follows:

> The most significant area that was overlooked by my lawyer and therefore overlooked by the court at my sentencing, is my significant cooperation with the United States government. No request for a downward departure was made on my behalf. I participated in one in person proffer session as well as several question and answer sessions by telephone. The agent found my statements credible and noteworthy. Upon request I also sent two separate lists of information to the agent while I was incarcerated.

(Id.).

As stated above, in order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. at 687. Counsel is "strongly presumed to have

rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Upon consideration, the Court finds that with this claim, Movant fails to satisfy either prong of the Strickland test. First, with respect to his allegedly deficient performance, Mr. Mandlman testified in relevant part as follows:

> 2. I negotiated on behalf of Movant the opportunity for Movant to cooperate with the Respondent in order to give Movant an opportunity for a sentencing reduction (downward departure).
>
> 3. However, Movant failed to honor her agreement to fully cooperate with the Respondent, and in fact failed substantially to cooperate with the Respondent prior to sentencing.
>
> 4. As a result, any failure to obtain any downward departure at sentencing for cooperation with the Respondent was solely due to Movant's own behavior and failure to satisfactorily cooperate with the Respondent, despite opportunities given to Movant by Respondent to do so; further, on good information and belief, the government's agent did not find Movant's statements to be credible and noteworthy as alleged by Movant, and Movant was found overall to be uncooperative and lacking any credibility with the Respondent.
>
> 5. Further, Movant failed to abide by the terms of her electronic monitoring agreement as to bail, by violating the terms of her bail....
>
> 10. Due to Movant's lack of credibility with Respondent resulting from her failed cooperation attempt, and due to Movant's bail violations, this counsel strongly and reasonably believed that presenting an argument for substantial assistance/cooperation, downward departure, would have resulted in the

> Respondent bringing forth to the Court's attention lack of credibility and bail violations which would have seriously jeopardized the sentencing punishment against the Movant....

(Affidavit of Steven C. Mandlman, Doc. No. 8, PP. 1-3). Movant does not dispute the foregoing, and thus the Court finds that under the circumstances, Mr. Mandlman's performance may not be held constitutionally deficient.

With respect to any alleged prejudice suffered by Movant, Respondent asserts in its response as follows:

> The Plea Agreement in this case did not include language related to the possibility of Pizzo receiving a motion from the government pursuant to Sentencing Guidelines Section 5K1.1 for substantial assistance *because there was no possibility of her receiving such a motion*. Pizzo met with the government during one proffer session and provided materially false information.[4] In addition, as noted above, she continued to engage in criminal conduct on March 26, 2006 and April 11, 2006.[5] Thereafter, the government did not consider any information proffered by Pizzo to be credible. Defense counsel made a wise decision not raising these issues at sentencing.

(Government's Response, P. 4 n. 1 (emphasis added)). Under these circumstances, the Court finds Movant fails to demonstrate the outcome of her proceeding would have been different absent counsel's alleged error, and so her claim of prejudice must fail. Ground 2 is denied.

## **CONCLUSION**

Accordingly,

---

[4] Movant maintains that at no time did she knowingly give false information to the Government. (See Movant's Reply to Government's Response to Motion 2255 to Vacate, Set Aside, or Correct Sentence, Doc. No. 7). Absent bad faith on the part of the Government, however, the decision whether or not to file a motion pursuant to Guidelines Section 5K1.1 for substantial assistance rests with the Government, and thus only the Government's perspective on Movant's credibility is relevant here. See United States v. McClure, 338 F.3d 847, 850 (8th Cir. 2003).

[5] According to Respondent, Movant used a false identity with police on March 26, 2006, and was present at a methamphetamine lab on April 11, 2006. (Government's Response to Motion under Title 28, United States Code, § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Government's Response"), P. 4, citing Plea Agreement, p. 2, Section 2A).

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 19th day of September, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE